# Exhibit 4

# Amendment

The parties agree to amend version 3.1 of the NKR Contract by modifying the Member Center Terms & Conditions as follows:

1. Item 2 under section III of the Member Center Terms & Conditions is hereby deleted and replaced with the following:" MC is a body corporate and political subdivision of the State of Colorado, and as such, is subject to the Colorado Governmental Immunity Act (CGIA), C.R.S. §24-10-101, *et.seq.*, which includes provisions limiting Hospital's liability in any action that lies in tort or could lie in tort. MC cannot contractually agree to provide indemnification. To the extent permitted by Colorado law, including but not limited to the provisions of the CGIA, MC shall be responsible for all liability, losses, damages, claims, or causes of action, and related expenses, that result from the wrongful acts or omissions of its public employees during the performance of this Agreement, unless the act or omission is willful and wanton or where the action is barred by the CGIA. NKR agrees to be responsible for all liability, losses, damages, claims, or causes of action, and related expenses, which result from the wrongful acts or omissions of its employees, agents or affiliates during the performance of this contract."

2. Item 3 under section III of the Member Center Terms & Conditions is hereby deleted.
    "The MC warrants that NKR shall not be liable for damages of any kind, including, but not limited to, personal injuries, wrongful death, patient complications, economic losses, incidental or consequential damages, or any other such damages."

3. Item 4 under section III of the Member Center Terms & Conditions is hereby deleted.
    "The MC warrants that if NKR is named as a defendant in any legal action based on MC provided medical or surgical services, the MC will pay for NKRs legal defense and make best efforts to remove NKR as a defendant from said legal action."

The following paragraphs are hereby added as a new section of the Member Center Terms & Conditions:

1. **Advertising**: Neither party to this contract shall use the name of the other party in any advertising, marketing or promotional materials without the express written consent of the other party.

2. **Amendment**: Any changes to this contract must be made by mutual written consent of both parties, which consent shall not be unreasonably withheld.

3. **Applicable Law**: The NKR agrees to comply at all times with applicable laws, statutes, regulations and conditions of participation related the services it performs

4. **Assignment**. The rights and obligations of either party under this Agreement may not be assigned except with the prior written consent of the other party, which consent shall not be unreasonably withheld. In the event of assignment upon consent, the assigning party agrees to be responsible for loss or damage to the other party arising out of or in connection with the assignment.

5. **Attorney's Fees**: In the event that either party brings legal action to enforce any provision of this contract, the prevailing party shall be entitled to recover all reasonable costs and expenses, including attorney's fees, incurred by such party in connection with such action.

6. **Binding Effect**: The provisions of this contract shall be binding upon and inure to the benefit of the respective lawful successors and assigns of the parties to this contract.

7. **Code of Conduct**: Consistent with the OIG initiative encouraging health care providers to engage in efforts to combat fraud and abuse in health care, University of Colorado

Hospital Authority has implemented a corporate compliance program for which it's Code of Conduct relating to business ethics is an integral part. NKR acknowledges that NKR has been provided with a copy of MC's Code of Conduct available at https://www.uchealth.org/Documents/file- pdf/EMP-Code-of-Conduct.pdf.

8. **Confidentiality**: During the course of performance hereunder, both parties, through their respective agents, employees, or other individuals providing services on their behalf, may receive information regarding the other party's business practices, employees or agents, as well as private information regarding patients or their medical condition, all of which is highly confidential and proprietary information. The parties agree to use reasonable efforts to maintain the confidentiality of such information. Both parties recognize and agree that all such confidential information is and shall continue to be the exclusive property of the other party and further agree that they will not directly use, disseminate, disclose or otherwise reveal any confidential information or materials to any third party except as permitted by this Contract or as required by law (after reasonable notice to the other party). The foregoing provisions shall not apply to information that is (a) already known to the party; (b) is already in the public domain at the time of disclosure or becomes available to the public through no wrongful act by a party; (c) is received independently from a third party free to lawfully disclose such information to the receiving party; or (d) is subsequently independently developed by the receiving party without reference to the disclosing party's confidential information.

    8.1. This provision shall not apply to information provided confidentially to Hospital's Group Purchasing Organization (GPO), Affiliates, or Consultants for benchmarking purposes. Hospital may disclose the pricing available under this Contract to third party consultants and any group purchasing organization of which Hospital is a member (each a "Business Advisor") if the Hospital has entered into a written agreement with the Business Advisor that prohibits the Business Advisor from (i) disclosing the pricing information to any other party, (ii) disclosing the information other than on a national aggregate basis; and (iii) publishing the information in the public domain in any form.

9. **Counterparts/Execution by Facsimile**: For the convenience of the parties, copies of this Agreement, including Schedules hereto, may be executed in two or more counterparts and signature pages exchanged electronically or by facsimile. The parties intend that counterpart copies signed and exchanged as provided in the preceding sentence shall be fully binding as an original handwritten executed copy hereof and all of such copies together shall constitute one instrument.

10. **Dispute Resolution:** At the written request of either party, the parties will attempt to resolve any dispute arising under or relating to this Agreement through informal means. If necessary, each party will select a senior management representative who does not devote substantially all of his or her time to performance of this Contract. The representatives will furnish to each other all non-privileged information with respect to the dispute that the parties believe to be appropriate and germane. The representatives will use commercially reasonable efforts to resolve the dispute without the necessity of any formal proceeding. Formal proceedings for the resolution, including formal mediation, arbitration, or legal action, may not be commenced until the earlier of: (i) the designated representatives conclude that resolution through continued negotiation does not appear likely; or (ii) thirty (30) days have passed since the initial request to negotiate the dispute was made; provided, however, that a party may file earlier to avoid the expiration of any applicable limitations period, to preserve a superior position with respect to other creditors, or to apply for interim or equitable relief.

11. **Health Insurance Portability and Accountability Act (HIPAA)**: If NKR is providing services as a Business Associate to the Hospital, as the term "Business Associate" is defined by HIPAA and implementing regulations, NKR agrees to sign a Business Associate Agreement, which shall be an addendum to the Agreement.

12. **Headings**: The captions and headings used in this contract are for reference purposes

only and shall not affect in any way the meaning or interpretation of this contract.

13. **Indemnification**: University of Colorado Hospital Authority is a political subdivision of the State of Colorado, and as such, cannot contractually agree to provide indemnification. Hospital agrees to be responsible for its wrongful acts and omissions as further described in Section 21 of this Contract Standard Terms.

14. **Independent Contractors**: NKR is performing the services of this contract as an independent contractor and not as an employee, agent, partner, or joint venture with the Hospital. It is understood and agreed that each party, together with its agents, servants, and employees, is at all times acting as an independent contractor, and that neither has any express or implied authority to assume or create any obligation or responsibility on behalf of, or in the name of, the other party. NKR shall satisfy all tax and other governmentally-imposed responsibilities with regard to its own personnel, including, but not limited to, payment of social security taxes, workers' compensation, self- employment taxes, and all other payroll taxes. NKR IS NOT ENTITLED TO UNEMPLOYMENT INSURANCE BENEFITS UNLESS UMEMPLOYMENT COMPENSATION COVERAGE IS PROVIDED BY NKR OR SOME OTHER ENTITY. NKR IS NOT ENTITLED TO WORKER'S COMPENSATION BENEFITS. NKR IS OBLIGATED TO PAY FEDERAL AND STATE INCOME TAX ON ANY MONIES EARNED PURSUANT TO THIS CONTRACT RELATIONSHIP.

15. **Legal Authority**: The person signing and executing this contract on behalf of each party hereby warrants and guarantees that he/she has been fully authorized by such party to execute this contract on behalf of the party and to validly and legally bind the party to all terms, performances and provisions set forth in the contract.

16. **No Third Party Benefit**: This contract is entered into for the benefit of the named parties to the contract only. Nothing in this contract shall be construed to create any duty, liability, or benefit to or for any person or entity not a party to this contract.

17. **Notice**: Any notice provided pursuant to the terms and provisions hereof shall be deemed to be delivered when sent electronically, by facsimile, hand delivered, delivery service or by certified mail, return receipt requested, postage prepaid and received by the addressee. Notices will be sent to:

| | |
|---|---|
| National Kidney Registry | 42 Fire Island Avenue<br>Babylon, NY11702 |
| University of Colorado Hospital Authority | Contracts Department<br>13050 East Smith<br>Road, Suite 101<br>Aurora, CO 80011 |

18. **No Waiver of Governmental Immunity**: Notwithstanding any other provision of this Contract to the contrary, no term or condition of this Contract (including, but not limited to, any provision that directly or indirectly attempts to make Hospital liable for acts or omissions of any person other than its public employees, as described in the Colorado Governmental Immunity Act) shall be construed or interpreted as a waiver, either express or implied, of any of the immunities, rights, benefits or protections provided to Hospital under such governmental immunity laws as are applicable from time to time to Hospital. The Parties acknowledge and agree that all other provisions of this Agreement are subject to, and qualified and limited by, such governmental immunity laws as are applicable from time to time to Hospital.

19. **Severability**: In the event any provision of this contract is rendered invalid or unenforceable by law, or declared void by any court of any competent jurisdiction, the remainder of the provisions of this contract shall remain in full force and effect.

20. **Taxes**: Hospital warrants and NKR acknowledges that Hospital is exempt from tax obligations by virtue of its 501(c)(3) status and as a political subdivision of the State of Colorado. The State of Colorado Tax exempt number is 98-09003-0000 (1998). The Federal ID number is 84-1179794.

21. Termination: Either party may terminate this addendum for convenience by giving the other party written notice of termination..

22. **Waiver**: No waiver of any term or condition of this contract shall be deemed to be a subsequent waiver of any other term or condition. No delay or failure of a party to the contract to exercise a right under the contract shall constitute a waiver or abandonment of that right. To be effective and binding on a party, a waiver must be in writing and signed by that party.

National Kidney Registry

By: DocuSigned by: [signature] 17ED03AF559A4AC...

Name: Garet Hil

Title: Chief Executive Officer

Date: 12/2/2015 | 7:45 PM ET

University of Colorado Hospital Authority

By: [signature]

Name: Diane Haney

Title: Director, UCHealth

Date: 12-2-2015